Laeamokb, Judge,
delivered the opinion of the court:
This claim is presented under the War Contract Hardship Claims Act, known as the Lucas Act, 60 Stat. 902, as amended 62 Stat. 869, 992, 41 U. S. C. § 106 note, to recover from the *2 United States the net loss alleged to have been sustained by plaintiff in the performance of Government contracts between September 16,1940, and August 14,1945. The Government moves for summary judgment on the ground that plaintiff did not file an adequate written request for relief under the Lucas Act, supra, prior to August 14,1945.
Plaintiff, on January 29,1952, filed a petition in the Court of Claims consisting of 14 paragraphs.
The first paragraph alleges that under date of June 9,1944, the plaintiff entered into a contract with the United States of America[1] to construct certain buildings and appurtenances thereto. Plaintiff further contends that in reliance upon the provisions of the contract, bids were submitted on the basis of a 40-hour week. Contrary to that provision, the War Manpower Commission, on January 1, 1944, had established a 48-hour week in the area in which the said project was constructed. Because of this alleged misrepresentation it became necessary for plaintiff to pay its workmen premium time and as a result thereof plaintiff was damaged in the sum of $27,916.31.
The second cause of action alleges that the Wage Adjustment Board granted increases in wages, plaintiff was forced to pay higher wages, and plaintiff was damaged to the extent of $14,346.88.
The third cause of action alleges that the War Manpower Commission set a ceiling on the number of men allowed to work on the project, which was approximately 50 percent of the labor necessary. The Wage Adjustment Board established wage rates for workmen employed on the project, which were approximately 10 percent below the wage rates set by the Wage Adjustment Board for the surrounding area. The plaintiff was unable to secure sufficient mechanics and workmen and as a result completion of the project was delayed. Plaintiff was unable to properly maintain the project and was forced to expend large sums of money in its effort to recruit skilled mechanics. Plaintiff has been damaged in the sum of $81,185.35.
For a fourth cause of action plaintiff alleges that the defendant, through the Office of Price Administration, granted *3 increases in material prices which increased the cost to plaintiff over and above the cost as figured at the time of the contract. The defendant, through the War Production Board, controlled the distribution of materials and issued allotment numbers and preference ratings which were insufficient to secure necessary materials. By reason thereof, plaintiff has been damaged to the extent of $15,216.86.
The fifth cause of action is for delay occasioned by acts of the defendant and asks damages in the sum of $47,425.39.
The sixth cause of action alleges that because of delays plaintiff was forced to. pay increased cost of insurance and state and federal taxes. Plaintiff has been damaged to the extent of $17,087.39.
The seventh cause of action alleges that because of delays it was necessary for plaintiff to maintain a general office staff during the extended period and the plaintiff was damaged to the extent of $110,278.77.
The eighth cause of action is similar to the first cause of action except that it calls for the construction of a different project. This paragraph asks for damages in the sum of $13,504.56 upon the same grounds as those alleged in paragraph 1.
The allegations in the ninth cause of action are similar to those in the second cause of action and ask for damages in the amount of $3,610.23.
The allegations in the tenth cause of action are similar to those in the third cause of action and ask for damages in the sum of $57,039.85.
The allegations in the eleventh cause of action are similar to those contained in the fourth cause of action and ask for damages in the sum of $4,689.58.
The allegations in the twelfth cause of action are similar to those contained in the fifth cause of action and ask for damages in the amount of $9,065.07.
The allegations contained in the thirteenth cause of action are similar to those contained in the sixth cause of action and ask for damages in the amount of $8,321.97.
The allegations contained in the fourteenth cause of action are similar to those contained in the seventh cause of action and ask for damages in the amount of $56,842.06.
*4 The complaint in each cause of action alleges that plaintiff submitted a claim to the contracting officer, which claim was denied. Plaintiff filed a claim with the Veterans’ Administration for relief under the Act of August 7, 1946, ch. 864, 60 Stat. 902, on January 25,1947, and no action has been taken on this claim.
Section 3 of the Act of August 7,1946, supra, provides:
Claims for losses * * * shall be limited to losses with respect to which a written request for relief was filed with such department or agency on or before August 14, 1945, * * *.
On February 15, 1954, plaintiff filed an amended petition in the Court of Claims realleging and reaffirming each and every allegation set forth in the original petition and stating further that plaintiff was proceeding under the Lucas Act, supra, for recovery of moneys due it under various contracts with the United States, on which contracts plaintiff has suffered a net loss. The petition further recites various contracts upon which the plaintiff either suffered a loss or realized a profit. The petition further alleges that on June 22,1945, plaintiff addressed a communication to the Veterans’ Administration in which it specifically requested relief and that subsequently, on July 18,1945, plaintiff consulted in the offices of Joseph A. Fahy, Chief, Project Supervision Construction Service, and advised him that it did not intend to proceed with construction because of delays and difficulties encountered. Upon the assurance of Mr. Fahy that plaintiff would be reimbursed for any additional expenses and costs which might be incurred, plaintiff proceeded with the construction. Plaintiff asserts that under the terms of the Lucas Act, supra, it is entitled to recover the actual losses on contracts entered into with the United States Government, after having first deducted from such losses any actual profits which may have been credited in its books of accounts and asks for judgment in the amount of $305,925.39.
The claim filed by plaintiff has attached thereto the letter of June 22,1945, upon which plaintiff relies in the amended petition as its written request for relief. The letter reads as follows: ■ '
*5 Patrick Warren Construction Company
Builders
815 N. Kedzie Ave., Chicago 51, Ill.,
Sacramento 2863-4-5,
Chicago Fort Custer, Michigan.
June 22,1945
VAc-1279, VAc-1297 — Fort Custer, Mich. Construction Service,
Veterans’ Administration,
Washington 25, D. C.
Attn: General C. L. Hervey
Gentlemen : A meeting was held yesterday at the office of Mr. Henderson, Superintendent of Construction, regarding labor situation on the above-mentioned projects. This meeting was attended by the following:
Bobert Smythe of E. C. Basel & Co. (Plastering)
Walter Pomrenke of Havey Elec. Co. (Electrical)
Carl Soderlund of the Patrick Warren Const. Co.
Frank Dwyer of Davis Bros., Inc. (Plumbing)
B. M. Godsey of G. A Thompson (Painting)
Herbert Poole of Iron Workers Local 340
G. B. Wilcox of Painters Local 759
Calvin L. Platt of Laborers Local 259
Fenton H. Daniel of Bricklayers Local 21
Samuel H. Castanier of U. S. Employment Service
Harry L. Ward of the War Manpower Commission
Troy S. Shock of Carpenters Local 871
Geo. H. Henderson, Superintendent of Construction
The majority of business agents attending meeting were of the opinion that men could be obtained if wages were increased from ten to twenty cents per hour. They stated that the wages in and around Battle Creek are higher than those paid on our jobs, and for this reason men will not report here for work. We have had several meetings with the War Manpower Commission and U. S. Employment Service, and were informed by them that they could not supply us with men for the same reason.
We list below, various tradesmen and wages being paid on this project, and wages at which business representatives believe men could be obtained:

Antici-Present pated wage wage

Garpenters--$1.25 $1.40
Bricklayers- 1. 65 1.70
Laborera_ . 85 1. 00

*6
Antiei-Present pated wage wage

Plaster Tenders_$1. 00 $1.10
Cement Finishers_ 1.37% 1. BO
Painters_ 1.25 1.40
Plasterers_ 1.50 1.75
Steamfitters and Plumbers_ 1.50 1.65
Boofers, Sheet Metal Workers_ 1.25 1. 50
When our office estimated work on these projects the cost of labor was figured on the basis of wages as listed in the specifications, and we feel that it is through no fault of ours that men cannot be obtained at wages specified for these jobs. Therefore, if wages are increased we expect to T>e revmbwrsed for the difference. We are already paying wages higher than those called for in specifications for Hoisting Engineers and Laborers, as they were awarded increases in pay since the above-mentioned projects were begun. [Italics supplied.]
We shall appreciate any action you may be able to take to help expedite completion of projects.
Very truly yours,
Patrick Warren Construction Co. By [S] Carl Soderlund,
Carl Soderlund, Superintendent.
Other letters contained in plaintiff’s Lucas Act claim show that the Wage Adjustment Board did not authorize increases in wages prior to August 14,1945.
At no point in any of the letters did plaintiff request reimbursement for losses. The only letter approaching a request for money is the letter of June 22,1945, supra. This letter states: “* * * if wages are increased we expect to be reimbursed for the difference.” Since there was no authorization for an increase in wages, prior to August 14, 1945, certainly plaintiff’s letter could not be construed to be a request for relief under the Lucas Act, supra. Furthermore, the letter of June 22, 1945, could not, by the most liberal interpretation, be construed as a request for relief because of additional cost of materials or services supplied the Government prior to August 14,1945.
The Supreme Court in Fogarty v. United States, 340 U. S. 8, at page 13, held:
In the light of the foregoing considerations and the relation of the Lucas Act to the First War Powers Act, we think Congress intended the term “written request for relief” to mean written notice presented prior to *7 August 14,1945, to an agency which was authorized to grant relief under § 201 of the First War Powers Act. Since there is no definition of the term in. the Act or regulations, and since the legislative history of the Act does not show that any settled usage of the term was brought to the attention of Congress, no particular form of notice is required. But whatever the form of notice, it must be sufficient to apprise the agency that it was being asked to grant extra-legal relief under the First War Powers Act for losses sustained in the performance of war contracts.
Plaintiff has failed to meet this test and certainly none of the letters submitted by plaintiff were sufficient to apprise the contracting agency that it was being asked to grant extralegal relief.
From a careful study of the letters attached to plaintiff’s Lucas Act claim we find that in no event can the additional costs requested be considered to have been incurred by the plaintiff for work, supplies, or services furnished for the Government between September 16, 1940, and August 14, 1945. This court said in Owens v. United States, 123 C. Cls. 1, at page 9:
The bulk of the work on this project was performed after August 14, 1945, and while it is possible that the substantial losses suffered by plaintiff in the performance of this contract may have had their genesis in the delays and shortages about which plaintiff complained prior to August 14, 1945, we cannot find in this record a single request on file with the agency which was sufficient to put that agency on notice that it was being asked to grant extra-legal relief. We are unable, by the terms of the Lucas Act, to consider letters written after August 14, 1945, and the only losses which are pertinent are those suffered in the performance of work prior to that date.
The court finds, therefore, that plaintiff has not made a request for relief sufficient to comply with the Lucas Act for losses occurring prior to August 14, 1945.
Accordingly, the defendant’s motion for summary judgment is sustained, and the petition is dismissed.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 Contract No. VAc-1297.